NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FRANCISCO JACQUEZ, et al.,<br><br>　　　　Defendants. | No. C 10-05183 JF (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a California inmate currently incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against PBSP officials. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Trujillo05183_svc.wpd

1

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that on February 16, 2009, Defendants Michael Pol and J. Reynoso used excessive force against him while Defendants Nicholas White, J. Kay, C. Mova, F. Avila, A. Long and D. Hickman "stood by and watched, failing to intervene to prevent such unecessary [*sic*] use of force."  (Compl. at 3.)  Plaintiff alleges that Warden Francisco Jacquez is liable for his failure to properly investigate, discipline and train the Defendants who caused Plaintiff harm.  (Id.)  Liberally construed, his claims are cognizable under § 1983 as violations of the Eighth Amendment's prohibition against cruel and unusual punishment.  See Whitley v. Albers, 475 U.S. 312, 319 (1986).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.     The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Defendant Warden Francisco Jacquez, and Defendants Correctional Officers Michael Polk, J. Reynoso, Nicholas White, J. Kay, C. Moua, F. Avila, A. Long, and D. Hickman** at the **Pelican Bay State Prison**.  The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Trujillo05183_svc.wpd

2

2. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Trujillo05183_svc.wpd

3

1
2    documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

3           b.     In the event Defendants file a motion for summary judgment, the
4    Ninth Circuit has held that the following notice should be given to Plaintiff:

5         The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary
6    judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
7         Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when
8    there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked
9    for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary
10   judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead,
11   you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that
12   contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do
13   not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted
14   in favor of defendants, your case will be dismissed and there will be no trial.
15
See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
16
     Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
17
Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment
18
must come forward with evidence showing triable issues of material fact on every
19
essential element of his claim). Plaintiff is cautioned that failure to file an opposition to
20
Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to
21
the granting of the motion, and granting of judgment against plaintiff without a trial. See
22
Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18
23
F.3d 651, 653 (9th Cir. 1994).
24
     4.     Defendants shall file a reply brief no later than **fifteen (15) days** after
25
Plaintiff's opposition is filed.
26
     5.     The motion shall be deemed submitted as of the date the reply brief is due.
27
No hearing will be held on the motion unless the Court so orders at a later date.
28

6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/10/11

JEREMY FOGEL
United States District Judge

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Trujillo05183_svc.wpd

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARIO TRUJILLO,

        Plaintiff,

  v.

FRANCISCO JACQUEZ, et al.,

        Defendants.

Case Number: CV10-05183 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/22/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario Trujillo F-99682
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: 2/22/11

                                                                      Richard W. Wieking, Clerk