IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TRUJILLO, | No. C 10-5183 YGR (PR) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF APPOINTMENT OF COUNSEL; GRANTING HIM EXTENSION OF TIME TO FILE AMENDED SUPERVISORY LIABILITY CLAIM AGAINST DEFENDANT JACQUEZ *PRO SE*; AND DIRECTING HIM TO ATTEND DEPOSITION *PRO SE*** |
| vs. | |
| FRANCISCO JACQUEZ, et. al., | |
| Defendants. | |
| / | (Docket nos. 76, 77, 77-2) |

Plaintiff Mario Trujillo, a state prisoner currently incarcerated in Pelican Bay State Prison (PBSP), filed this *pro se* civil rights action under 42 U.S.C. § 1983 against prison officials at PBSP for injuries incurred in 2009.

Before the Court are Plaintiff's "Motion Requesting Leave[] to File a Motion for Reconsideration for Appointment of Counsel" (docket no. 77); "Motion for Reconsideration for Appointment of Counsel" (docket no. 77-2); and "Request to Post-Pone [sic] Defendants' Deposition of Plaintiff Mario Trujillo" (docket no. 76).

Plaintiff's initial request for the appointment of counsel was denied.[1] He now requests leave to file a motion asking the Court to reconsider its denial of his request for appointment of counsel. This request (docket no. 77) is hereby GRANTED.

In his motion for the Court to reconsider its prior ruling and appoint counsel to represent him, Plaintiff proposes that the Court assign counsel "for any, some or all, of the following reasons: to file an amended complaint as to liability claim against defendant Francisco Jacquez, to assist Plaintiff at settlement conference and to assist Plaintiff at the deposition" (docket no. 77-1).

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in

---

[1] On May 25, 2011, the Honorable Jeremy Fogel, to whom this case was initially assigned, denied Plaintiff's initial request for appointment of counsel.

1  § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998)
2  (en banc). The Court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only
3  in "exceptional circumstances," the determination of which requires an evaluation of both (1) the
4  likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se
5  in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d
6  1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of
7  these factors must be viewed together before reaching a decision on a request for counsel under
8  § 1915. *See id*.

9       The Court has recently conducted a careful review of all admissible evidence submitted in
10 connection with Defendants' previously-filed Motion for Summary Judgment. Taking into
11 consideration this review, and Plaintiff's ability to articulate his claims *pro se* in light of the
12 complexity of the legal issues involved, the Court finds that exceptional circumstances entitling
13 Plaintiff to court appointed counsel do not exist at this time. Accordingly, the request that the Court
14 reconsider its initial denial of Plaintiff's request for appointment of counsel is DENIED without
15 prejudice to renewing his request if this action is not resolved after the upcoming settlement
16 proceedings.[2]

17      Plaintiff's amended supervisory liability claim against Defendant Jacquez is presently
18 overdue because the April 16, 2012 deadline to amend has passed. In addition, as explained above,
19 the Court finds that appointment of counsel is not warranted at this time. The Court, on its own
20 motion, GRANTS Plaintiff an extension of time in which to file his amended claim *pro se*. The time
21 in which Plaintiff may file his amended claim will be extended up to and including **thirty (30) days**
22 from the date of this Order. Plaintiff must clearly label the document an "Amendment to the
23 Complaint," and write in the case number for this action, Case No. C 10-5183 YGR (PR). The
24 failure to do so by the thirty-day deadline will result in the dismissal without prejudice of his
25 supervisory liability claim against Defendant Jacquez.

26      Finally, Plaintiff moves the Court to postpone the date of his deposition. Because Plaintiff's

---

28     [2] The parties are scheduled to appear before Magistrate Judge Vadas for settlement proceedings on June 13, 2012 at 10 am.

1 deposition was scheduled to occur on April 25, 2012, his motion (docket no. 76) is denied as moot.
2 Again, as explained above, Plaintiff's request for reconsideration of the Court's denial of his motion
3 for appointment of counsel has been denied. Accordingly, he must attend, *pro se*, the next properly
4 noticed deposition scheduled by Defendants.

   This Order terminates Docket nos. 76, 77, and 77-2.

   IT IS SO ORDERED.

DATED: May 1, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**