IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TRUJILLO, | No. C 10-5183 YGR (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS; GRANTING RENEWED MOTION FOR APPOINTMENT OF COUNSEL; REFERRING ACTION TO FEDERAL PRO BONO PROJECT; DIRECTING PARTIES TO CONSENT TO OR DECLINE MAGISTRATE JUDGE JURISDICTION; AND ADDRESSING OTHER PENDING MOTIONS** |
| vs. | |
| FRANCISCO JACQUEZ, et al., | |
| Defendants. | |
| / | (Docket nos. 96, 99, 105, 115) |

On November 16, 2010, Plaintiff, a California prisoner proceeding *pro se* and currently incarcerated at Pelican Bay State Prison (hereinafter "PBSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging that he was subjected to excessive force at PBSP for injuries incurred on February 16, 2009. In an Order dated February 10, 2011, after reviewing the complaint, the Court found Plaintiff had stated cognizable Eighth Amendment claims against Defendants PBSP Correctional Officers Michael E. Polk and J. Reynoso for the use of excessive force, against Defendants PBSP Correctional Officers Nicholas White, J. Kay, C. Mova, F. Avila, A. Long and D. Hickman for failing to intervene, and against Defendant PBSP Acting Warden Francisco Jacquez for supervisory liability. In the same Order, the Court directed Defendants to file a dispositive motion or, in the alternative, a notice indicating Defendants are of the opinion such a motion is not warranted.

On June 17, 2010, Defendants Polk, Reynoso, White, Kay, Mova, Long, Hickman, and Jacquez (hereinafter "Defendants") filed a motion for summary judgment on the grounds that no material issue of fact existed as to their liability under the Eighth Amendment and that they were entitled to qualified immunity for their actions.[1] Defendants also argued that Plaintiff's supervisory liability claim against Defendant Jacquez was not cognizable under 42 U.S.C. § 1983 because the

---

[1] In an Order dated June 8, 2011, the Court dismissed all claims against Defendant Avila without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

complaint alleged no facts showing Defendant Jacquez's personal involvement in the use of force incident.

In an Order dated March 15, 2012, the Court granted in part and denied in part Defendants' motion for summary judgment. The Court granted the motion as to Defendant Jacquez and dismissed the supervisory liability claims against him with leave to amend. The Court directed Plaintiff to file an amendment to the complaint that stated his supervisory claim with specificity, linking Defendant Jacquez's conduct to his claim of excessive force. The motion for summary judgment as to the claims against Defendant Long was denied without prejudice to file another motion after further discovery. The Court denied the motion as to all other Defendants and directed these Defendants not to bring an additional motion for summary judgment without its express permission. The parties were also ordered to appear before Magistrate Judge Nandor Vadas for court-ordered settlement proceedings.

On May 31, 2012, Plaintiff filed his amendment to the complaint.

On July 30, 2012, the parties appeared before Magistrate Judge Vadas for a settlement conference.

On August 1, 2012, Magistrate Judge Vadas filed a Report of Pro Se Prisoner Early Settlement Proceeding, which indicated that the matter did not settle. The report also stated: "However, the parties agreed to stipulate to Magistrate Judge Vadas' jurisdiction in this matter." (Aug. 1, 2012 Report at 2.) Thereafter, Plaintiff filed a letter to Magistrate Judge Vadas in response to the report stating, "it was not [his] intention to agree . . . to stipulate to turn the jurisdiction of this case into your or the jurisdiction of a magistrate judge." (Pl.'s Letter dated Aug. 9, 2012 at 1.)

On September 4, 2012, Plaintiff filed a renewed motion for appointment of counsel. Defendants filed an opposition to this renewed motion, and Plaintiff filed a reply.

On September 11, 2012, Defendants filed a "Motion for a Screening Order, or in the Alternative, to Strike Amended Complaint." Plaintiff filed an opposition to their motion, and Defendants filed a reply.

On February 27, 2013, Plaintiff filed a motion to compel discovery. Defendants filed an opposition to the motion to compel, and Plaintiff filed a reply.

2

On May 15, 2013, Defendants filed a motion to dismiss, arguing that this action cannot proceed because the complaint and amendment to the complaint fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[2]

For the reasons outlined below, the Court DENIES Defendants' motion to dismiss as to all claims. In addition, the Court GRANTS Plaintiff's renewed motion for appointment of counsel and refers this matter to the Federal Pro Bono Project. The Court DENIES Plaintiff's motion to compel without prejudice to refiling once he is represented by pro bono counsel. Finally, the Court directs the parties to either consent to or decline the jurisdiction of Magistrate Judge Vadas for all further proceedings in this action, including trial.

## DISCUSSION

### I. Motion to Dismiss Eighth Amendment Claims

Defendants argue that Plaintiff cannot proceed with his Eighth Amendment claims against Defendants because, as a result of the same incident, Plaintiff was found guilty at a disciplinary hearing of battery on a peace officer and was assessed a 150-day forfeiture of good-time credits. Consequently, Defendants claim that Plaintiff's excessive force claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Specifically, Defendants argue that Plaintiff's Eighth Amendment claim may not proceed because he has not successfully invalidated the good-time credit forfeiture that he received as a result of the alleged excessive force incident.

*Heck* held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed or otherwise set aside or called into question. *Id.* at 486-87. *Heck* also applies to prisoner civil rights actions challenging a disciplinary hearing or administrative sanction that affects the overall length of the prisoner's confinement. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (holding *Heck* bars challenge to disciplinary proceeding that resulted in improper deprivation of good-time credits); *cf. Ramirez v. Galaza*, 334 F.3d 850, 857-58 (9th Cir. 2003) (holding that challenge to disciplinary

---

[2] Under Rule 12(b), a motion under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. Proc. 12(b). Because Defendants did not file an answer in the instant action, the Court may consider their Rule 12(b)(6) motion even after it has already denied their previously-filed motion for summary judgment.

3

proceeding that resulted in ten-day disciplinary detention, loss of privileges and a twenty-four-month administrative segregation term was not barred by *Heck*). Specifically, *Heck*'s rationale bars a claim for damages for harm caused by the unconstitutional deprivation of good-time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continued confinement, insofar as it implicates the duration of the plaintiff's sentence. *See Sheldon*, 83 F.3d at 233.

In the present case, Defendants argue that Plaintiff's excessive force claim is barred under *Heck* because, if the excessive force claim were proven, it would necessarily imply the invalidity of the finding of guilt after a disciplinary proceeding on the charge of battery on a peace officer.[3]

The Ninth Circuit has made clear that *Heck* does not bar all such excessive force actions, however. In *Smith v. City of Hemet,* 394 F.3d 689, 699 (9th Cir. 2005) (en banc), the Ninth Circuit explained that "a § 1983 action is not barred under *Heck* unless it is clear from the record that its successful prosecution would *necessarily* imply or demonstrate that the plaintiff's earlier conviction was invalid." The plaintiff in *Smith* had been convicted of resisting a police officer under California Penal Code section 148, and claimed that the officer had used excessive force against him. *Id.* at 694. In order to determine whether the excessive force claim was barred under *Heck,* the Ninth Circuit looked to the elements of a conviction for resisting a police officer under section 148, and found that an essential element of such a conviction is that the police officer was "engaged in the performance of his official duties." *Id.* at 695. Under California law, if such element is admitted or

---

[3] In support of their argument, Defendants have cited to a copy of the results of the disciplinary proceeding, which was attached to Plaintiff's complaint. (Mot. to Dismiss at 6 (citing Compl., Ex. B).) In so doing, Defendants are asking the Court to take judicial notice of these results as evidence of the fact that the length of Plaintiff's sentence was altered thereby. As a general rule, a district court may not consider material outside the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A court may, however, consider material that is properly submitted as part of the complaint, without converting the motion to dismiss into a motion for summary judgment. *Id.* If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the Plaintiff's complaint "necessarily relies" on them. *Id.* In the instant matter, in support of Plaintiff's Eighth Amendment claim that Defendants Polk and Reynoso used excessive force against him, Plaintiff's complaint references and necessarily relies upon the results of the disciplinary proceeding. (Compl. at 12-13.) Accordingly, the Court will grant Defendants' request for judicial notice of the fact that Plaintiff was found guilty of battery on a peace officer, and was assessed a forfeiture of 150 days of good-time credits as a result thereof.

4

proved, the police officer necessarily was engaged in "lawful" conduct, which, in turn, necessarily excludes the use of excessive force. *Id.* at 695-96. The Ninth Circuit thus concluded that where a plaintiff has been convicted under section 148 for resisting a police officer during the course of an arrest, his subsequent § 1983 claim that the police officer used excessive force at the time the arrest was effected would, if successful, necessarily undermine the conviction, and would be barred under *Heck. Id.* at 697-98. By contrast, if the plaintiff claims the police officer used excessive force either before or after the conduct on which the plaintiff's conviction was based, *Heck* would not bar his claims that the force was excessive, because the alleged acts of excessive force would not necessarily invalidate the conviction. *Id.* at 698. Looking to the record before it in *Smith,* the Ninth Circuit could not identify the factual basis for the plaintiff's guilty plea to resisting a police officer; consequently, it could not determine whether the acts underlying the conviction occurred during the course of the plaintiff's arrest; accordingly, the Ninth Circuit reversed the district's court's grant of summary judgment, which ruling had been predicated on *Heck. Id.* at 699.

Here, Defendants have not shown that if Plaintiff were to prevail on his excessive force claims the validity of the finding that he committed battery on a peace officer necessarily would be implicated. The essential reason Defendants' argument fails is because they have not set forth the elements of the charge of which Plaintiff was found guilty, battery on a peace officer under Title 15 of the California Code of Regulations § 3005(d)(1). Consequently, because Defendants have not shown that a finding of their use of excessive force would necessarily negate an element of the aforementioned battery charge, the Court cannot conclude that Plaintiff's claims are barred under *Heck.* As *Smith* made clear, a § 1983 claim alleging the use of excessive force will be barred under *Heck* only where "it is clear from the record that its successful prosecution would *necessarily*" imply the invalidity of Plaintiff's underlying finding of guilt. *Smith,* 394 F.3d at 699. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's excessive force claims as barred under *Heck.*

**II. Motion to Dismiss Supervisory Liability Claim Against Defendant Jacquez**

Defendants also argue that Plaintiff fails to state a cognizable claim for relief against Defendant Jacquez because "a party cannot be held liable under 42 U.S.C. § 1983 merely because

5

he served as an alleged tortfeasor's supervisor." (Mot. to Dismiss at 2.)

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1074 (1992) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An administrator may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). "'Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" *Preschooler II v. Davis,* 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Evidence of a prisoner's letter to an administrator alerting him to a constitutional violation is sufficient to generate a genuine issue of material fact as to whether the administrator was aware of the violation, even if he denies knowledge and there is no evidence the letter was received. *Jett*, 439 F.3d at 1098. Evidence that a prison supervisor was personally involved in an unconstitutional transfer and denied all appeals of the transfer, for example, may suffice. *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *see also Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (supervisor who signed internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

In its March 15, 2012 Order, the Court found that Plaintiff "ha[d] not alleged specific facts linking Defendant Jacquez's individual conduct to the cause of harm Plaintiff complains he suffered as alleged in his complaint." (March 15, 2012 Order at 16.) Thus, as mentioned above, the Court dismissed the supervisory liability claim against Defendant Jacquez with leave to amend, stating: "Plaintiff may file an amendment to the complaint that states his claim with specificity, linking

Defendant Jacquez's conduct to his claim of excessive force . . . ." (*Id.*)

In his amendment to the complaint, Plaintiff claims that Defendant Jacquez was one of the prison officials who reviewed Plaintiff's appeals and did not remedy the constitutional violation. (Am. to Compl. at 3.) Attached to Plaintiff's amendment to the complaint is Defendant Jacquez's Memorandum relating to the Second Level Appeal Response, which was processed as a "Staff Complaint Appeal Inquiry." (*Id.*, Ex. A.) The record shows that Defendant Jacquez conducted a inquiry into Plaintiff's allegations stemming from the alleged incident of excessive force involving Defendants Polk and Reynoso. (*Id.*) As a result of the inquiry, Defendant Jacquez chose not to refer the matter to the Office of Internal Affairs. (*Id.*) Instead, Defendant Jacquez stated that a "confidential" investigation was conducted, and it was found that "[s]taff did not violate CDCR policy." (*Id.*) Read liberally, the allegations in Plaintiff's amendment to the complaint state a cognizable claim against Defendant Jacquez because Plaintiff has stated his claim with specificity, i.e., he has linked Defendant Jacquez's conduct to his claim of excessive force through the aforementioned actions of reviewing the appeal and failing to remedy the constitutional violation. Accordingly, this supervisory liability claim may proceed against Defendant Jacquez, and Defendants' motion to dismiss this claim is DENIED.

Because the Court has reviewed Plaintiff's amendment to the complaint and found a cognizable supervisory liability claim, Defendants' "Motion for a Screening Order, or in the Alternative, to Strike Amended Complaint" (Docket No. 99) is DENIED as moot.

**III.     Motion to Compel Discovery and Renewed Motion for Appointment of Counsel**

This case has been pending for almost three years, and the events at issue occurred more than four years ago. Consequently, the case will proceed to trial. Prior to setting this matter for trial, and good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Appointment of Counsel is GRANTED and this case is referred to the Federal Pro Bono Project of the Volunteer Legal Services Program, which will attempt to find an attorney who is able to represent him in these proceedings, as directed below.

Because the Court is appointing counsel for Plaintiff, his motion to compel discovery is

1 DENIED without prejudice to refiling after pro bono counsel has been appointed to represent him.

### IV. Reassignment to Proceed Before United States Magistrate Judge Upon Consent

As mentioned above, Magistrate Judge Vadas initially submitted a report indicating that the parties agreed to "stipulate to Magistrate Judge Vadas' jurisdiction in this matter." (Aug. 1, 2012 Report at 2.) However, Plaintiff has since denied that he agreed to such a stipulation. (Pl.'s Letter dated Aug. 9, 2012 at 1.) Because the Court has now denied Defendants' pending motion to dismiss and will be appointing counsel for Plaintiff, it directs the parties to consider whether to consent to proceed before Magistrate Judge Vadas for all further proceedings in the case, including trial. Plaintiff is specifically directed to consider whether to consent to magistrate judge jurisdiction only after pro bono counsel has been appointed to represent him. For this reason, the Court directs the parties to complete the "Consent or Declination to Magistrate Judge Jurisdiction" form attached to this Order no later than **twenty-eight (28) days** after pro bono counsel has been appointed for Plaintiff.

### CONCLUSION

For the reasons discussed above, the Court orders as follows:

1. Defendants' motion to dismiss (Docket No. 115) is DENIED as to all claims. Specifically, the Court finds that (1) the Eighth Amendment claims against Defendants are not barred by *Heck*; and (2) Plaintiff's amendment to the complaint states a cognizable supervisory liability claim against Defendant Jacquez.

2. Defendants' "Motion for a Screening Order, or in the Alternative, to Strike Amended Complaint" (Docket No. 99) is DENIED as moot.

3. Plaintiff's Renewed Motion for Appointment of Counsel (Docket No. 96) is GRANTED. This case is referred to the Federal Pro Bono Project of the Volunteer Legal Services Program, which will attempt to find an attorney who is able to represent him in these proceedings.

    a. The Clerk of the Court shall forward electronically to the Federal Pro Bono Project: (a) a copy of this Order; (b) a copy of the docket sheet; (c) a copy of the operative complaint and amendment to the complaint (Docket Nos. 1, 84); (d) copies of the Court's Order of Service (Docket No. 3) and its Order granting in part and denying in part Defendants' motion for summary

judgment (Docket No. 75); and (e) a memorandum summarizing the claims and status of the case.

        b.      If an attorney can be found to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter until further order of the Court.

        c.      All proceedings in this action are STAYED until **four (4) weeks** from the date an attorney is appointed to represent Plaintiff in this action, or until the Court otherwise lifts the stay.

4. Plaintiff's motion to compel discovery (Docket No. 105) is DENIED without prejudice to refiling after pro bono counsel has been appointed to represent him.

5. No later than **twenty-eight (28) days** after pro bono counsel has been appointed to represent Plaintiff, the parties are directed to consider whether to consent to proceed before Magistrate Judge Vadas for all further proceedings in the case, including trial, by completing the "Consent or Declination to Magistrate Judge Jurisdiction" form attached to this Order.

6. The Clerk shall send Defendants' counsel as well as Plaintiff and his pro bono counsel (after one is appointed by the Court) a copy of the "Consent or Declination to Magistrate Judge Jurisdiction" form attached to this Order.

7. This Order terminates Docket Nos. 96, 99, 105 and 115.

IT IS SO ORDERED.

DATED: September 17, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TRUJILLO,<br><br>        Plaintiff,<br><br>vs.<br><br>FRANCISCO JACQUEZ, et al.,<br><br>        Defendants.<br>_____/ | No. C 10-5183 YGR (PR)<br><br>**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION** |

INSTRUCTIONS: Please indicate below by checking one of the two boxes whether you choose to consent to or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

   **(  )  Consent to Jurisdiction of Magistrate Judge Nandor Vadas**

  In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have Magistrate Judge Vadas conduct all further proceedings in this case, including trial and entry of final judgment.

**OR**

   **(  )  Decline Magistrate Judge Jurisdiction**

  In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

DATE: _____, 20__    NAME:_____

AT: _____    _____
    *(Write place where signed)*                                    *(Signature)*