**NOT FOR CITATION**[1]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIO TRUJILLO,**<br><br>             **Plaintiff,**<br><br>       v.<br><br>**FRANCISCO JACQUEZ,** *et al.*,<br><br>             **Defendants.** | Case No.: 10-CV-5183 YGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DENYING AS MOOT STIPULATION TO AMEND** |

For the reasons stated on the record in open court on June 23, 2014, and those set forth in this Order, the Court **GRANTS** the motion of plaintiff Mario Trujillo for leave to file his First Amended Complaint (Dkt. No. 134) and **DENIES AS MOOT** the parties' stipulation to modify the pretrial schedule (Dkt. No. 150).

**I.     MOTION FOR LEAVE TO AMEND**

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." This standard is liberal. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). That said, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Rather, the Court weighs the following factors in ruling on a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the movant has

---
[1] *See* N.D. Cal. Civ. L.R. 7-14.

1 previously amended its pleadings. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also*

2 *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, "consideration of prejudice to the

3 opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

4 1048, 1052 (9th Cir. 2004). Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining

5 *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

6 (emphasis in original).

7 Here, defendants do not overcome the presumption in favor of granting leave to amend. Their

8 showing of prejudice is insubstantial, consisting merely of the routine expenses of prisoner civil-

9 rights litigation. With respect to Avila, *if* any prejudice flows from his being renamed as a defendant

10 following his previous dismissal , it is mitigated by the undisputed facts that: Avila already has been

11 deposed (Dkt. No. 144, Ex. B); he wrote a report contemporaneous to the incident which can be used

12 to refresh his recollection (Dkt. No. 149-4 at 38 of 90); and the extension of discovery referenced in

13 Section II below will afford Avila an opportunity to participate in this litigation.

14 Defendants' showing of undue delay is minimal: defendants argue, in essence, that plaintiff

15 knew or should have known not only about the *facts* underpinning the new claims he seeks to assert

16 in his First Amended Complaint, but also *how to articulate them in a legal pleading*. That argument

17 ignores the Court's appointment of pro bono counsel to represent plaintiff, an appointment made

18 precisely because a pro se prisoner plaintiff presumptively does not possess the legal acumen

19 necessary to prosecute a federal lawsuit meaningfully.

20 Finally, defendants' showing of futility is, at best, merely colorable. Where, as here, "a

21 prison's grievance procedures are silent or incomplete" as to the level of factual specificity required in

22 a prisoner grievance, the Ninth Circuit's backstop standard requires the prisoner's grievance only to

23 "alert[] the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d

24 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). A grievance is not required to

25 "contain every fact necessary to prove each element of an eventual legal claim." *Id*. In this case, the

26 evidence demonstrates that the prison had actual notice of the nature of the wrongs asserted by

27 plaintiff. (*See*, *e.g.*, Dkt. No. 149-1, Ex. K (Director's Level Appeal Decision issued by prison on

28 August 24, 2009, which states: "It is the appellant's position that on February 16, 2009, Correctional

Sergeant Polk, Correctional Officer Reynoso, and another unidentified officer utilized excessive force against him during an escort, *and finally retaliated against him by placing him on Contraband Surveillance Watch (CSW).*") (emphasis supplied).) Such evidence sufficiently undercuts defendants' proffered showing of futility such that the Court cannot deem it the sort of "strong showing" that would overcome the presumption in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

Accordingly, the Court **GRANTS** plaintiff's motion and gives plaintiff leave to amend his pleading. The proposed First Amended Complaint shall be deemed filed as June 23, 2014. Plaintiff shall file that document in the electronic docket of this case forthwith.

## II.   STIPULATION TO MODIFY PRETRIAL SCHEDULE

In light of the imminent filing of the First Amended Complaint, the Court, on June 23, 2014, set forth a modified pretrial and trial schedule, which shall be reduced to writing in a separately filed order. This new pretrial and trial schedule moots the parties' stipulation to modify the former pretrial schedule. (Dkt. No. 150.) Accordingly, that stipulation is **DENIED AS MOOT**.

This Order terminates Dkt. Nos. 134 and 150.

**IT IS SO ORDERED**.

Date: June 26, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**